IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. HAFFNER, as Trustee of the | ) | |
| CHAUFFEURS, TEAMSTERS & HELPERS | ) | |
| LOCAL UNION NO. 301 HEALTH & | ) | |
| WELFARE FUND and as Trustee of the | ) | Case No. |
| CHAUFFEURS, TEAMSTERS & HELPERS | ) | |
| LOCAL UNION NO. 301 PENSION FUND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DEPPMEIER TRUCKING & EXCAVATING, | ) | |
| INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Michael T. Haffner, as Trustee of the Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund ("Welfare Fund") and as Trustee of the Chauffeurs, Teamsters and Helpers Local Union No. 301 Pension Fund ("Pension Fund") (jointly referred to as "Funds"), complains against the Defendant, Deppmeier Trucking & Excavating, Inc. ("Deppmeier") as follows:

1.     This is an action pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

3.     Venue in this Court is conferred by 29 U.S.C. § 1132(e)(2), as this judicial district is where the Funds are administered and where the events underlying this complaint occurred.

*Parties*

4.     The Funds are multi-employer employee benefit plans within the meaning of Section 3(3) & (37) of ERISA, 29 U.S.C. §1002(3) & (37), and maintain their principal place of operation in Waukegan, Illinois.

5.     Plaintiff Michael T. Haffner is a fiduciary and trustee of the Health & Welfare Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

6.     Plaintiff Michael T. Haffner is also a fiduciary and trustee of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

7.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes a fiduciary of an employee benefit plan to commence a civil action to enforce the obligations which ERISA imposes upon employers.

8.     Defendant Deppmeier is an Illinois corporation conducting business within this judicial district.  Deppmeier is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

*Specific Allegations*

9.     Deppmeier and Chauffeurs, Teamsters & Helpers Local Union No. 301 are parties to a collective bargaining agreement ("Agreement") effective June 1, 2015 through July 31, 2019.  A copy of the Agreement is attached hereto as Exhibit 1.

10.     Articles 10 and 11 of the Agreement obligate Deppmeier to make timely contributions to the Funds on behalf of individuals performing work covered by the Agreement.

11.     In the event that a payment is delinquent to either or both of the Funds, Article 10, Section 1. (e) and Article 11, Section 1. (e) of the Agreement provide that Deppmeier shall be obligated to pay an amount equal to ten percent (10%) of the delinquent amount as liquidated

2

damages, as well as accountant and attorney fees and court costs.

12.    During the period June 14, 2017 through June 30, 2018, Deppmeier employed employees who performed work covered by the Agreement.

13.    Although individuals did engage in covered work on its behalf, Deppmeier has failed to pay all contributions owed to the Funds for the months of June, 2017 through June, 2018.

14.    Deppmeier has also failed, for the period June, 2017 through June, 2018, to submit monthly remittance forms showing the name of each employee covered by the Agreement who performed any work covered by the Agreement, and the amount of covered work they performed.

15.    Due to Deppmeier's failure to submit monthly remittance forms as described in Paragraph 14, the Funds are unable to determine the exact amount of contributions that are due and owing from Deppmeier.

16.    Pursuant to the Agreement, the Funds' trust agreements (incorporated by reference in the Agreement), and 29 U.S.C. § 1132(g)(2)(A)-(C), the Funds are entitled to the unpaid contributions, and interest and liquidated damages thereon for the months of June, 2017 through June, 2018 and for such amounts as become due during the pendency of this proceeding.

17.    Pursuant to the Agreement, the Funds' trust agreements, and 29 U.S.C. § 1132(g)(2)(D), the Funds are also entitled to recover their accounting and attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court issue an order against Defendant Deppmeier including the following relief:

A.    An order that Deppmeier produce, within thirty 30 days, records which the Funds

may reasonably require to determine the amount of contributions owed by Deppmeier for its covered employees during the period June 1, 2017 through the end of the last full month preceding the date of the Court's order;

B.      A judgment on behalf of the Health & Welfare Fund for delinquent contributions and liquidated damages found to be due and owing under the Agreement and trust agreement as a result of the Funds' examination for the period of time from June, 2017 through June, 2018 and for such amounts as become due during the pendency of this proceeding;

C.      A judgment on behalf of the Pension Fund for delinquent contributions and liquidated damages found to be due and owing under the Agreement and trust agreement as a result of the Funds' examination for the period of time from June, 2017 through June, 2018 and for such amounts as become due during the pendency of this proceeding;

D.      A judgment on behalf of the Health & Welfare Fund for interest owed on the unpaid contributions;

E.      A judgment on behalf of the Pension Fund for interest owed on the unpaid contributions;

F.      A judgment on behalf of the Funds for reasonable accounting and attorneys' fees and costs incurred by the Funds in bringing this action; and

4

G.  Such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

_____/s/ Martin P. Barr_____

Martin P. Barr


_____/s/ William A. Widmer, III_____

William A. Widmer, III, Attorneys for Plaintiffs

Martin P. Barr #6190349
William A. Widmer, III #3010228
CARMELL CHARONE WIDMER MOSS & BARR
One East Wacker Drive, Suite 3300
Chicago, Illinois 60601
(312) 236-8033

Dated:  July 20, 2018

5